ADHESIVE IMPRESSIONS, INC., Appellant,

v.

AMER, CUNNINGHAM & BRENNAN CO., L.P.A. et al., Appellees.

[Cite as *Adhesive Impressions, Inc. v. Amer, Cunningham & Brennan Co., L.P.A.* (1993), 89 Ohio App.3d 532.]

Court of Appeals of Ohio,
Summit County.

No. 16007.

Decided Aug. 4, 1993.

*John E. Duda,* for appellant.

*Bruce S. Goldstein,* for appellees.

---

BAIRD, Judge.

This cause comes before the court upon the appeal of Adhesive Impressions, Inc. from an order in the Summit County Court of Common Pleas granting summary judgment to Amer, Cunningham & Brennan Co., L.P.A. ("Amer"). Adhesive Impressions had filed a claim against Amer alleging legal malpractice. We reverse.

In 1986, Adhesive Impressions sought to purchase an adhesive laminator for use in its manufacture of adhesive-backed decals. In this regard, the company's president, Joseph McCabe, instituted negotiations with Lembo–Midland, Ltd., a Canadian company. The two companies reached a preliminary agreement, and a proposed purchase agreement was submitted by Lembo–Midland to Adhesive Impressions.

This draft agreement was sent by McCabe to Amer, with the following instructions:

"Besides requiring your counsel on the agreement, we feel that 93% of the payment before shipment, installation in our plant or training is awfully heavy up front. Would you suggest going along with the ⅓ down, another payment on shipment—then a balance payment 30 days after completion of the installation here? Thank you."

At subsequent negotiations, Nickolas P. Andreeff, one of Amer's attorneys, represented Adhesive Impressions in a line-by-line review and negotiation of the purchase agreement. The parties signed a final agreement on May 31, 1988.

Numerous terms of the contract went unfulfilled by Lembo–Midland and, eventually, Lembo–Midland fraudulently withheld delivery of the equipment, became insolvent, and ceased business operations. As a result, Adhesive Impressions forfeited a $100,000 deposit and incurred additional damages stemming from the delays, the resulting loss of business, and capital improvements made to accommodate the new machine.

Adhesive Impressions brought suit against Lembo–Midland and also instituted the instant action against Amer and Andreeff. Adhesive Impressions claimed that Amer and Andreeff had committed legal malpractice in failing to fulfill a duty owed in its negotiation of the contract. Specifically, it was alleged that the attorneys had a duty to protect Adhesive Impressions' interests and investment by (1) determining the credit worthiness and general standing among business people of Lembo–Midland, (2) retaining local counsel to determine trade practices and usages in Lembo–Midland's locality for purchase-sale transactions, and (3) negotiating contract terms which would protect it from loss in the event of the breach of the contract by Lembo–Midland.

In response, Amer filed a motion for summary judgment, arguing that the scope of its duty to Adhesive Impressions was determined by McCabe's initial inquiry requesting assistance, which did not include any of the actions listed above. Adhesive Impressions submitted, with its reply, an affidavit of an expert who purported to set forth the standard for attorneys doing business in the area and who opined that Amer had not met this standard in its dealings with Adhesive Impressions. This opinion was based upon the expert's review of the depositions of McCabe and Andreeff. Although Andreeff's complete deposition was not filed in the case, McCabe's deposition clearly outlines the actions of both Adhesive Impressions and the law firm during the pendency of the transaction.

The trial court granted the motion for summary judgment, reasoning that Amer's duty to Adhesive Impressions was limited to the negotiation of the contract. According to the court, Amer was under no additional duty to the company to perform any of the allegedly omitted acts because it was not specifically requested to do so and because the decision to enter into the contract was a business decision and was not fundamentally legal in nature.

It is from that order that Adhesive Impressions now appeals, asserting two interrelated assignments of error:

"I. The trial court erred in granting the motion for summary judgment [because] plaintiff-appellant provided expert opinion evidence as to the negligence and substandard legal representat[ion] of the defendants-appellees.

"II. The trial court erred in (1) ignoring evidence offered by plaintiff-appellant, (2) construing evidence most favorably to the movant, defendants-appellees, (3) making findings of fact upon which reasonable minds might differ, (4) drawing inferences from evidence where there are competing inferences, and (5) making erroneous conclusions of law."

An order granting summary judgment will be upheld where, construing the evidence most strongly in favor of the nonmoving party, the record discloses that no genuine issues of material fact exist and the moving party is entitled to

judgment as a matter of law. *Parenti v. Goodyear Tire & Rubber Co.* (1990), 66 Ohio App.3d 826, 586 N.E.2d 1121. However, summary judgment is appropriate only when reasonable minds can come to but one conclusion after reviewing the evidence and that conclusion is adverse to the nonmoving party. Civ.R. 56(C).

In its order, the trial court properly set forth that, in order to establish a claim for legal malpractice, the aggrieved party must show "(1) an attorney-client relationship giving rise to a duty, (2) a breach of that duty, and (3) damages proximately caused by the breach." *Krahn v. Kinney* (1989), 43 Ohio St.3d 103, 538 N.E.2d 1058, syllabus. While it is undisputed that there was an attorney-client relationship established in this case, an issue remains as to the scope of the duty owed by Amer.

Amer provided the affidavit of Andreeff, an attorney and a party to this case, which stated that Amer fulfilled its duty to Adhesive Impressions by simply reviewing and negotiating the contract. On the other hand, Adhesive Impressions presented the affidavit of attorney John Alexander. Alexander states in part:

"8. Since Adhesive Impressions, Inc. had not had prior dealings with Lembo–Midland, Ltd. before the present sale and purchase of the machine in question, it was incumbent upon its legal counsel to do at least one or both of the following:

"(1) Immediately contact legal counsel in Ontario to discover as much as possible about the reputation of Lembo–Midland, its credit-worthiness and general standing among business people in Ontario;

"(2) Immediately contact Ontario legal counsel to discover the trade practices and usages in Ontario, Canada, concerning the escrowing of funds in this type of purchase-sale transaction.

" * * *

"10. The person doing the negotiating for Adhesive Impressions, Inc. or advising the negotiator should have pressed for contract terms that would have protected the $100,000.00 initial payment from being lost if the deal were not completed. For example, the following ideas should have been discussed and, perhaps, insisted upon in order to protect the purchaser:

"(1) Escrow the $100,000.00 and release portions of it as construction of the machine progressed.

"(2) Have the Seller's officer, i.e. Mr. Thomas W. Lembo, certify in affidavit form the progress of machine construction to justify release of the escrowed funds.

"11. Even if these terms would not have been acceptable to the Seller, that fact alone would have alerted the Buyer that it was dealing with a party who may

not perform. At that point the Buyer would have had the opportunity to think again as to whether it really wanted to proceed with Lembo–Midland.

"12. In my opinion the services rendered by Mr. Andreeff fell below the accepted standard of care exercised by attorneys in the Northern Ohio area during the time in question to the damage of Adhesive Impressions. My aforementioned opinions are held with a reasonable degree of Attorney certainty." See *Gibbons v. Price* (1986), 33 Ohio App.3d 4, 13, 514 N.E.2d 127, 135.

The trial court noted that, in determining the duty of legal counsel, a court must consider the scope and nature of the responsibility entrusted. Furthermore, the services rendered must be fundamentally legal in nature, unless otherwise established between the parties. The court went on to determine that the actions which Adhesive Impressions alleged fell within Amer's duty did not fall within the duty, as spelled out in McCabe's initial correspondence, because they are essentially "business" judgments and are not fundamentally legal in nature.

This, however, ignores the affidavit of John Alexander. Alexander set forth that, in negotiating a contract, an attorney acting within the acceptable standard would have performed additional functions and made additional inquiries than those made by Amer, in an effort to protect the client. Questions of fact, therefore, clearly exist for the jury on the issues of the scope of Amer's duty and whether Amer fell below the requisite standard of care. See *Gibbons*, 33 Ohio App.3d at 14, 514 N.E.2d at 136.

Granting summary judgment, therefore, was inappropriate. The judgment of the trial court is reversed, and the case is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

COOK, P.J., and DICKINSON, J., concur.