DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Plaintiffs Norma Lee Dunn and Robert W. Dunn appealed from an order of the Lorain County Common Pleas Court that granted defendant Rossborough Manufacturing Company's motion for summary judgment. They have argued that the trial court incorrectly granted defendant's motion for summary judgment because there were genuine issues of material fact that should have been left for a jury to determine. This Court affirms the judgment of the trial court because plaintiffs did not meet their burden of demonstrating that there were genuine issues of material fact.
 I.
Ms. Dunn was an employee of defendant from 1981 to 1993 in its Sampler Department. According to plaintiffs, the air where she worked contained "white powdery dust, quartz, fibers, resin, sand and silica," and defendant failed to take proper precautionary measures to prevent lung injuries to its employees, despite numerous complaints from various employees, including Ms. Dunn, and despite printed "Material Safety Data Sheets" that allegedly warned defendant of the dangers of breathing some of the dust created in the Sampler Department. There were, apparently, some safety committee meetings at the Company during which ventilation and respirators were discussed, but no improvement of the working conditions resulted. Several former employees of defendant claimed to have quit their jobs due, at least in part, to the particles in the Sampler Department air.
During 1990, Ms. Dunn developed chronic respiratory problems, first believed to be bronchitis. She received medical treatment for those problems. During 1992, she again sought medical treatment due to continued respiratory problems. After October 29, 1992, she took a leave of absence to obtain further medical treatment. Several months later, she was diagnosed as having a lung disease known as sarcoidosis, and one physician opined that the conditions at her job had aggravated her illness. She never returned to work after that, but remained on a leave of absence until September 30, 1993, when she was apparently terminated by defendant.
On June 6, 1994, plaintiffs filed a complaint in the Lorain County Common Pleas Court, setting forth, among other claims, intentional tort and intentional infliction of emotional distress claims against defendant. The other claims were settled out of court. On April 1, 1996, defendant moved the trial court for summary judgment. On June 28, 1996, plaintiffs filed a brief in opposition. On October 31, 1996, the trial court granted defendant's motion. Plaintiffs timely appealed to this Court.
 II.
Plaintiffs' sole assignment of error is that the trial court incorrectly granted defendant's motion for summary judgment because there were genuine issues of material fact that should have been left for a jury to determine. In reviewing a trial court's ruling on a motion for summary judgment, this Court applies the same standard a trial court is required to apply in the first instance: whether there were any genuine issues of material fact and whether the moving party was entitled to judgment as a matter of law. Parenti v. Goodyear Tire RubberCo. (1990), 66 Ohio App.3d 826, 829. A party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Vahila v.Hall (1997), 77 Ohio St.3d 421, 429-30. Then, and only then, is there a reciprocal burden on the nonmoving party to respond by showing that there are genuine issues of material fact to be tried. Id.
Defendant, in its motion for summary judgment, argued that there was no evidence that Ms. Dunn's sarcoidosis had resulted from exposure to anything while she was working for defendant; that plaintiffs could not establish that defendant knew of any danger that was substantially certain to cause Ms. Dunn's lung disease; and that plaintiffs could not show that defendant's conduct was extreme and outrageous or that Ms. Dunn suffered serious emotional distress as a result of such conduct. Attached to the motion were copies of medical notes and reports, responses to plaintiffs' discovery requests, and case law in support of defendant's arguments. In the motion, defendant also referred to other parts of the record not attached to the motion. In their opposing brief to the trial court, plaintiffs argued that there was evidence that Ms. Dunn's sarcoidosis was aggravated by her job conditions; that defendant knew of the dangerous conditions and knew that harm was substantially likely to occur to employees; that defendant's conduct was extreme and outrageous; and that Ms. Dunn suffered serious emotional distress as a result.
 A. Intentional Tort
To support a claim of employer intentional tort, plaintiffs would have had to show that defendant knew of a dangerous process, procedure, instrumentality, or condition within its business operation; that defendant knew that, if Ms. Dunn was subjected by her employment to such process, procedure, instrumentality, or condition, harm to her would be substantially certain to occur; and that, under such circumstances and with such knowledge, defendant required Ms. Dunn to continue to work. See Fyffe v.Jeno's, Inc. (1991), 59 Ohio St.3d 115, paragraph one of the syllabus. Defendant's mere knowledge and appreciation of a risk, something short of substantial certainty, would not constitute "intent" for purposes of this claim. Id. at paragraph two of the syllabus.
In its motion for summary judgment, defendant argued that summary judgment would be appropriate because the record showed no connection between Ms. Dunn's work environment and her sarcoidosis, and also because there was no evidence that defendant had the "requisite knowledge" to substantiate the claim of intentional tort. Plaintiffs' response included a deposition by a physician who stated that, in his medical opinion, Ms. Dunn's sarcoidosis was aggravated by her work environment. This showed that there was a dispute over whether there was a dangerous condition within defendant's business operation to begin with. It is defendant's knowledge of the alleged dangerous condition, however, that is important. The same physician also stated in his affidavit that, based on his review of the Material Safety Data Sheets and his discussion with Ms. Dunn of the physical layout of the Sampler Department in which she worked, his opinion was that:
 [t]he MSDS sheets clearly warned, gave knowledge, and show with substantial certainty that the lack of appropriate ventilation with the absence of protective respiratory devices, will cause employees harm with substantial certainty by aggravating pre-existing lung disease or condition.
Such a statement, consisting of legal conclusions not based on any medical expertise, could not constitute evidence of defendant's knowledge for purposes of summary judgment, and must be disregarded by this Court in its review.
Plaintiffs also pointed to the MSDS sheets themselves, affidavits from Ms. Dunn and former coworkers, company memoranda, and minutes of defendant's safety committee meetings that, in plaintiffs' estimation, support their assertion that there was evidence that defendant knew of a dangerous condition within its operation and knew that the condition was substantially certain to result in harm to employees. These documents, however, did not establish either of these two elements. Some of the MSDS sheets contain statements that inhalation of the material at issue "may" cause aggravation of pre-existing lung diseases, and contain recommendations for respirators and other precautionary measures under certain conditions. At best, the MSDS sheets show that defendant had reason to suspect a possible danger and knew of recommendations for maximum protection. Such statements do not constitute evidence that defendant knew of a "dangerous" condition, much less that defendant knew that harm was "substantially certain" to occur. As the court held in Fyffe v.Jeno's, Inc., supra, the mere appreciation of a risk is not sufficient to show a defendant's intent for purposes of this claim.
The submitted affidavits from Ms. Dunn and her former coworkers were similarly ineffective for the summary judgment proceeding. They contained evidence that Ms. Dunn and her coworkers had complained repeatedly about the poor ventilation in the Sampler Department, and that several of the coworkers based their eventual decisions to quit their jobs with defendant in part on the poor working conditions. Again, such evidence was insufficient to establish defendant's intent. At best, the affidavits showed that there was poor ventilation, that employees complained frequently about it, and that some left partly because of those conditions. Evidence of numerous employee complaints showed only that defendant may have known of employee dissatisfaction, and perhaps that defendant knew the ventilation could be improved. It did not establish defendant's knowledge of a dangerous condition, nor did it show that defendant knew that harm was substantially certain to occur.
Finally, plaintiffs' assertion that the company memoranda and safety meeting minutes showed such knowledge on the part of defendant is without merit. Those documents showed that defendant considered the problem of employee complaints regarding ventilation, and possibly that defendant actually agreed that the ventilation was poor. There are, however, many non-dangerous conditions in the workplace that are worth improving. The fact that defendant may have considered improving the ventilation, therefore, does little to suggest that defendant knew the ventilation situation was "dangerous," much less that it knew harm was "substantially certain" to occur. Likewise, plaintiffs' assertion that defendant planned a new building for the Sampler Department that included a better ventilation system gave the trial court no evidence of the intent element of this claim.
Plaintiffs failed to meet their burden of setting forth specific facts demonstrating that there was a genuine issue of material fact regarding whether defendant committed an intentional tort against Ms. Dunn. See Van Fossen v. Babcock Wilcox Co.
(1988), 36 Ohio St.3d 100, paragraph seven of the syllabus. Moreover, this Court has not found any support in the record for plaintiffs' assertion that summary judgment in defendant's favor was not appropriate. Summary judgment on the intentional tort claim was, therefore, proper.
 B. Intentional Infliction of Emotional Distress
To support a claim of intentional infliction of emotional distress, plaintiffs would have had to prove that defendant intended to cause Ms. Dunn serious emotional distress, that its conduct was extreme and outrageous, and that its conduct caused the serious emotional distress. See Phung v. Waste Management,Inc. (1994), 71 Ohio St.3d 408, 410. See, also, Reamsnyder v.Jaskolski (1984), 10 Ohio St.3d 150. For purposes of this claim, the emotional distress must have been "serious," which means it must have been "both severe and debilitating," and could have been present if "a reasonable person, normally constituted, would [have been] unable to cope adequately with the mental distress engendered by the circumstances of the case." See Union FederalSavings Bank v. Hale (Nov. 17, 1993), Summit App. Nos. 16209/16211, unreported, 1993 Ohio App. LEXIS 5618, at *15, citingPaugh v. Hanks (1983), 6 Ohio St.3d 72, 74, and Yeager v. LocalUnion 20 (1983), 6 Ohio St.3d 369, 374. See, also, Akron-CantonWaste Oil, Inc. v. Safety-Kleen Oil Serv., Inc. (1992), 81 Ohio App.3d 591,605-606.
In its motion for summary judgment, defendant argued that nowhere in the depositions of Ms. Dunn or her former coworkers was there any suggestion that defendant's conduct was extreme and outrageous and that Ms. Dunn had no expert opinion or medical evidence that she suffered serious emotional distress. Plaintiffs responded only to the latter argument, calling it defendant's "sole argument to this Court to dismiss Plaintiff's intentional emotional distress claim," submitting Mr. Dunn's affidavit as evidence of Mrs. Dunn's serious emotional distress, and asserting that his non-expert opinion was sufficient to create an issue of fact. First, plaintiffs ignored defendant's assertion that they had not supported a claim of extreme and outrageous conduct, which is an element of intentional infliction of emotional distress. Having failed to respond to this assertion, plaintiffs failed to meet their burden of showing a genuine issue of material fact after defendant had pointed to the record and argued that there was none. Their duty was to point to evidence in support of their argument that defendant had engaged in extreme and outrageous conduct. See Vahila v. Hall, supra. Moreover, this Court is not aware of anything in the record that clearly demonstrates extreme and outrageous conduct. The absence of a genuine issue of material fact regarding the element of extreme and outrageous conduct rendered summary judgment on the intentional infliction claim appropriate.
Second, the issue raised by plaintiffs of whether an affidavit by a non-expert can be sufficient to prevent summary judgment on the issue of whether a plaintiff has suffered serious emotional distress at all is of no importance to this case, since the affidavit of Mr. Dunn, which is the only evidence of serious emotional distress to which plaintiffs have pointed, is devoid of meaningful evidence of such distress. The only statements in his affidavit that purport to demonstrate this distress are as follows:
 3. After [Ms. Dunn] could not work any longer because of her medical condition, her emotional well-being has been seriously impaired.
 4. [Ms. Dunn] cannot emotionally and/or physically perform the usual activities that we used to do prior to her contraction and aggravation of sarcoidosis which includes but is not limited to, the following:* * *
 5. In my opinion, my wife, [Ms. Dunn], has suffered serious emotional distress because of her condition and aggravation of sarcoidosis which requires her to seek constant medical attention and impairs her emotionally every day.
 6. My wife's emotional condition is severe and debilitating. She has been unable to adequately cope with the loss of her job and physical condition caused by her employment [with defendant].
These vague and conclusory statements provided no meaningful evidence for the trial court to consider and, therefore, were insufficient to meet the burden of showing a genuine issue of material fact as required by Vahila v. Hall, supra. This Court is, furthermore, not aware of anything in the record that clearly demonstrated Ms. Dunn's alleged severe emotional distress. Summary judgment based on the lack of evidence of serious emotional distress, therefore, was also proper.
For the above reasons, this Court concludes that plaintiffs failed to meet their burden in responding to defendant's motion for summary judgment and that summary judgment in defendant's favor was appropriate. Plaintiffs' assignment of error is overruled.
 III.
Plaintiffs' assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Lorain Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellants.
 Exceptions. _______________________________ CLAIR E. DICKINSON
FOR THE COURT
SLABY, P. J.
REECE, J. CONCUR.