## Parenti
## v.
## Goodyear Tire and Rubber Co.
*[Cite as 4 AOA 352]*

Case No. 14381
Summit County, (9th)
Decided June 15, 1990

*Robert F. Linton and Lawrence R. Bach, Attorneys at Law, 1500 One Cascade Plaza, Akron, OH 44308, for Plaintiff.*

*Deborah Sesek, Attorney at Law, P. O. Box 1500, 50 S. Main St., Akron, OH 44309, for Defendant.*

REECE, J.

On January 13, 1977, plaintiff-appellant, Rolland Parenti, Jr., received an injury to his lower back while he was employed by defendant-appellee, The Goodyear Tire and Rubber Co. (Goodyear). Parenti filed a claim under Ohio workers' compensation laws.

Parenti required surgery on his back and returned to work in early 1980. On May 3, 1986, his back injury was aggravated and Parenti began receiving temporary total disability compensation.

In January, 1987, Parenti delivered a C-84 supplemental report from Dr. Thomas Bear, his treating physician, stating he could return to work as of March 1, 1987. Parenti requested a change of his treating physician to Dr. Nicholas Rimedio, which was approved by Goodyear. On February 16, 1987, Dr. Rimedio submitted a C-84 report estimating Parenti's return to work on approximately June 1, 1987.

Goodyear terminated Parenti's benefits as of March 1, 1987. On March 19, 1987, Parenti filed a motion with the Bureau of Worker's Compensation requesting payment of compensation from March 1, 1987. In June, 1987, the district hearing officer ordered payment of the temporary total compensation. Goodyear appealed this decision to the Canton Regional Board which on September 16, 1987, affirmed the district hearing officer's decision.

On February 23, 1988, Parenti filed a cause of action against Goodyear seeking damages due to Goodyear's termination of the temporary total compensation benefits. Goodyear filed a motion for summary judgment. Parenti filed a motion for summary judgment based only upon the issue of liability. The trial court granted Goodyear's motion for summary judgment and denied Parenti's motion for partial summary judgment. Parenti appeals.

### ASSIGNMENT OF ERRORS

"I. The trial court erred in granting summary judgment in favor of the defendant.

"II. The trial court erred in overruling the plaintiff's motion for summary judgment which was based on the issue of liability only."

Because these assignments of error are interrelated, they will be discussed together. Parenti claims that the trial court erred, as a matter of law, when it granted summary judgment in favor of Goodyear and failed to grant partial summary judgment in his favor on the issue of liability.

Summary judgment shall not be rendered unless there is no genuine issue as to any material fact, and reasonable minds can come to but one conclusion, which is adverse to the non-moving

party. *Toledo's Great Eastern Shoppers City, Inc. v. Abde's Black Angus Steak House No. III, Inc.* (1986), 24 Ohio St. 3d 198, 201; Civ. R. 56(C). Accordingly, an order granting summary judgment will be upheld where, construing the evidence most strongly in favor of the non-moving party, the record discloses no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. *Temple v. Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 327. An appellate court must apply the same standard as the trial court in reviewing the granting of summary judgment. *Id.*

Goodyear is a self-insured employer under the applicable workers'compensation statues. An employee of a self-insured employer may maintain a cause of action against the employer for the intentional and wrongful termination of worker's compensation payments. *Balyint* v. *Arkansas Best Freight System, Inc.* (1985), 18 Ohio St. 3d 126, syllabus; *Urey* v. *Alside, Inc.* Sept. 27, 1989), Summit App. No. 14026, unreported.

The first cause of action alleged in the complaint is in the nature of a claimed financial injury that resulted from Goodyear's failure to comply with the mandates of R. C. 4123.56, which provides in pertinent part:

"* * *In the case of an employer who has elected to pay compensation direct, payments shall be for a duration based upon the medical reports of the attending physician. If the employer disputes the attending physician's report, payments may be terminated only upon application and hearing by a district hearing officer. Payments shall continue pending the determination of the matter, however payment shall not be made for such period when any employee has returned to work or when an employee's treating physician has made a written statement that the employee is capable of returning to his former position of employment.

"* * *."

Parenti alleges that Goodyear was required to continue payments for temporary total disability until a determination was made by the district hearing officer. Goodyear contends that the statue does not apply because it became effective on January 17, 1977, four days before it became effective.

Generally speaking, matters pertaining to proceedings for recovery of compensation are governed by the law in force at the time of the proceedings. In *Van Fossen* v. *Babcock & Wilcox*

*Co.* (1988), 36 Ohio St 3d 100, 107-108, the Supreme Court stated:

"* * *.

"Remedial laws are those affecting only the remedy provided. These include laws which merely substitute a new or more appropriate remedy for the enforcement of an existing right. While we recognize the occasional substantive effect, it is yet generally true that laws which relate to procedures are ordinarily remedial in nature, *Wellston Iron Furnace Co.* v. *Rinehart* (1923), 108 Ohio St. 117, 140 N. E. 623, paragraph one of the syllabus, including rules of practice, courses of procedure and methods of review, *In re Nevius, supra,* 174 Ohio St. at 564, 23 O. O. 2d at 241, 191 N. E. 2d at 169-170, but not the rights themselves, *Weil* v. *Taxicabs of Cincinnati, Inc.*, *supra.*

"* * *." (Footnotes omitted.)

In this case there was no change as to the right to receive temporary total disability compensation, the obligation to pay, or the amount. The legislature just substituted a more appropriate remedy for the enforcement of an existing right. The fact that this change can have a substantive effect is not controlling. This change merely provided a different method of review. Thus, the change was procedural or remedial.

Therefore, Goodyear was required to continue to pay compensation until the district hearing officer determined otherwise. The trial court erred in granting summary judgment to Goodyear on Parenti's first cause of action which alleges that Goodyear's intentional failure to pay amounted to a breach of its statutory duty as a self-insurer under R.C. 4123.56 as alleged in count one of Parenti's complaint.

As to count two of Parenti's complaint, he alleges that the termination of benefits was breach of Goodyear's duty to act in good faith. Parenti contends that when he delivered Dr. Bear's supplemental report in January of 1987, that he indicated that Dr. Bear had recommended additional surgery for his back which he refused to have and requested approval of a change of physician. Goodyear approved the change of physician to Dr. Rimedio. Dr. Rimedio indicated in his report that Parenti could not return to work until at least June 1, 1987. Since Goodyear approved the change of physician and knew that Parenti could not return to work as of the March 1, 1987, the date indicated in Dr. Bear's report, Parenti contends that it was malicious and in bad faith on Goodyear's part to

terminate his benefits. In *Hoskins* v. *Aetna Life Ins. Co.* (1983), 6 Ohio St. 3d 272, 276, the court citing *Slater* v. *Motorists Mutual Ins. Co.* (1962), 174 Ohio St. 148, paragraph two of the syllabus, stated:

"A lack of good faith is the equivalent of bad faith, and bad faith, although not susceptible of concrete definition, embraces more than bad judgment or negligence. It imports a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud. It also embraces actual intent to mislead or deceive another."

Goodyear contends that it did not act arbitrarily or capriciously, but acted with reasonable and rational justification when it terminated compensation as of March 1, 1987. Thus, there is a genuine issue of material fact as to whether the termination of compensation was done in bad faith.

Parenti's third claim alleged a cause of action under R.C. 4121.80. This section deals with compensation receivable under R.C. Chapter 4123 for an injury which is caused by the intentional tort of the employer. Since this third cause of action is not for damages for a physical injury that Parenti sustained in the course of his employment, R.C. 4121.80 is not applicable.

Additionally, Parenti contends that partial summary judgment should have been granted to him on the issue of liability on his first cause of action. Based on this court's determination that Goodyear had a duty and breached its duty pursuant to R.C. 4123.56, this court finds that summary judgment should have been granted to Parenti as to liability on his first cause of action. Although Parenti requested both actual and punitive damages on his first cause of action, there can be no punitive damages. Whether Parenti has already received any compensation, or the amount thereof, as to count one of the complaint, is not clear from the record.

Based upon the foregoing, and pursuant to App. R. 12(B), this court finds as a matter of law that Parenti is entitled to partial summary judgment as to liability on his first cause of action based upon R.C. 4123.56. As to Parenti's second cause of action, there is a genuine issue of material fact as to whether Goodyear acted in bad faith. As to Parenti's third cause of action, summary judgment in favor of Goodyear is affirmed.

Accordingly, the judgment of the trial court is reversed as to summary judgment based upon R.C. 4123.56, and partial summary judgment is rendered on behalf of Parenti as to liability. Summary judgment as to the issue of bad faith is reversed and remanded for further consideration in accordance with this opinion and the law. Summary judgment in favor of Goodyear as to the R.C. 4120.80 cause of action affirmed.

*Judgment affirmed in part,*
*reversed in part, and*
*cause remanded.*

BAIRD, J., concurs.

QUILLIN, J., concurs in part and dissents in part.

I agree that R.C. 4123.56 applies even though the injury pre-dated the statute. I also agree that *Balyint* v. *Arkansas Best Freight Systems, Inc.* (1985), 18 Ohio St. 3d 126 applies. I disagree with the majority's application of *Balyint*.

When the six separate opinions in *Balyint* are ready together, *Balyint* stands for the proposition that when a self-insurer intentionally and wrongfully terminates worker's compensation payments, the employee may have a bad faith claim under the rationale of *Hoskins* v. *Aetna Life Ins. Co.* (1983), 6 Ohio St. 3d 272.

That being so, summary judgment in favor of Goodyear was correct as to the first and third causes of action but incorrect as to the second cause of action.