**GENTZLER TOOL & DIE CORP., Appellant,**

v.

**CITY OF GREEN, Appellee.**

[Cite as *Gentzler Tool & Die Corp. v. Green* (1996), 113 Ohio App.3d 489.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17633.

Decided Aug. 14, 1996.

*Lesh, Casner & Miller* and *Jacob Hess, Jr.,* for appellant.

*Thomas M. Musarra,* City of Green Law Director, for appellee.

DICKINSON, Judge.

Plaintiff Gentzler Tool & Die Corporation has appealed from an order of the Summit County Common Pleas Court that denied it summary judgment and granted defendant city of Green summary judgment. Plaintiff sought a declaratory judgment that the Green City Council had adopted a recommendation of the planning and zoning commission that plaintiff's property be rezoned when three council members voted in favor of adopting the recommendation and three members voted against doing so. It has argued that the trial court incorrectly granted Green summary judgment and incorrectly denied it summary judgment because the Green zoning ordinance required concurrence of three fourths of the council members to reject a recommendation of the planning and zoning commission. This court affirms the judgment of the trial court because (1) the ordinance's provision that the Green City Council could reject the recommendation of the planning and zoning commission only if three fourths of its members voted against it was invalid because it conflicted with R.C. 713.12; and (2) pursuant to the Green zoning ordinance and R.C. 713.12, the city council could adopt a commission recommendation only if a majority of its members voted in favor of doing so.

I

Plaintiff owns property in Green. It filed an application with the Green Planning and Zoning Commission to have its property rezoned from "R–1 Single

Family" to "B–1 General Business." The commission unanimously approved the proposal and submitted its recommendation to the Green City Council. The Green City Council voted on the proposal on June 27, 1995. Six of the seven council members were present. Three council members voted to adopt the recommendation and three voted against adopting it.

On July 25, 1995, plaintiff filed a complaint for a declaratory judgment that the Green City Council had adopted the recommendation of the planning and zoning commission. Plaintiff moved the trial court for summary judgment on August 22, 1995. It argued that the Green City Council had adopted the commission's recommendation because less than three fourths of its members had voted against doing so. Plaintiff relied on a provision of the Green zoning ordinance that required the concurrence of three fourths of the council members to reject a commission recommendation. On October 4, 1995, Green also moved the court for summary judgment. It argued that the city council had rejected the commission's recommendation because a majority of its members had not voted to adopt it. On December 27, 1995, the trial court granted Green summary judgment and denied plaintiff summary judgment. Plaintiff timely appealed to this court.

## II

Plaintiff's sole assignment of error is that the trial court incorrectly granted Green summary judgment and incorrectly denied it summary judgment. In reviewing a trial court's ruling on a motion for summary judgment, this court applies the same standard a trial court is required to apply in the first instance: whether there were any genuine issues of material fact and whether the moving party was entitled to judgment as a matter of law. *Parenti v. Goodyear Tire & Rubber Co.* (1990), 66 Ohio App.3d 826, 829, 586 N.E.2d 1121, 1122–1123.

## A

Plaintiff has argued that it was entitled to judgment as a matter of law because three fourths of the city council members did not vote to reject the planning and zoning commission's recommendation that its property be rezoned. Green Codified Ordinances 1260.05(b)(6) provides:

"Council shall either adopt or deny the recommendations of the Planning and Zoning Commission, or adopt some modification thereof. In the event Council adopts the recommendations of the Planning and Zoning Commission, concurrence by a majority of the full Council members shall be required. In the event Council denies or modifies the recommendations of the Planning and Zoning Commission, concurrence by three-fourths of the full Council members shall be required."

Plaintiff has asserted that, pursuant to Section 1260.05(b)(6), the council's vote resulted in adoption of the recommendation because three fourths of the council members did not vote to reject it.

Green is a charter city. Section 7, Article XVIII of the Ohio Constitution authorizes cities to adopt charters and to exercise powers of local self-government thereunder, subject to Section 3, Article XVIII of the Ohio Constitution:

"Any municipality may frame and adopt or amend a charter for its government and may, subject to the provisions of section 3 of this article, exercise thereunder all powers of local self-government."

Section 3, Article XVIII provides:

"Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."

The Ohio Supreme Court has interpreted Section 3, Article XVIII as prohibiting municipalities from enacting "police, sanitary and other similar regulations" that are in conflict with general statutory law:

" '[Section 3, Article XVIII], adopted in 1912, preserved the supremacy of the state in matters of "police, sanitary and other similar regulations," while granting municipalities sovereignty in matters of local self-government, limited only by other constitutional provisions. Municipalities may enact police and similar regulations under their powers of local self-government, but such regulations "must yield to general laws of statewide scope and application, and statutory enactments representing the general exercise of police power by the state prevail over police and similar regulations in the exercise by a municipality of the powers of local self-government." ' " *Rispo Realty & Dev. Co. v. Parma* (1990), 55 Ohio St.3d 101, 103, 564 N.E.2d 425, 427–428, quoting *Canton v. Whitman* (1975), 44 Ohio St.2d 62, 65, 73 O.O.2d 285, 287, 337 N.E.2d 766, 769–770.

A municipality's enactment of zoning laws is an exercise of its police power within the meaning of Section 3, Article XVIII. *Rispo,* 55 Ohio St.3d at 103, 564 N.E.2d at 427–428; *Garcia v. Siffrin* (1980), 63 Ohio St.2d 259, 17 O.O.3d 167, 407 N.E.2d 1369, paragraph two of the syllabus. Zoning laws, such as Green Codified Ordinances 1260.05(b)(6), therefore, may not conflict with the "general laws" of Ohio. "General laws" are those statutes that establish police, sanitary and other similar regulations that apply uniformly throughout the state. *Rispo,* 55 Ohio St.3d at 103, 564 N.E.2d at 427–428. A local zoning law is in conflict with a "general law" when it " ' "permits or licenses that which the statute forbids and prohibits, and vice versa." ' " *Id.* at 104, 564 N.E.2d at 428, quoting *Fondessy Ent., Inc. v. Oregon* (1986), 23 Ohio St.3d 213, 217, 23 OBR 372, 376, 492 N.E.2d 797, 801.

■ The requirement of Green Codified Ordinances 1260.05(b)(6) that three fourths of the council members must vote against a commission recommendation in order to reject it is in conflict with R.C. 713.12. In *Rispo, supra,* the Ohio Supreme Court concluded that R.C. 713.12 was a "general law" of the state. *Id.,* 55 Ohio St.3d at 104, 564 N.E.2d at 428. That statute establishes the procedures a city council must follow to reject or adopt a recommendation submitted to it by a city planning commission. Specifically, it provides that no recommendation submitted by the planning commission may be adopted unless a majority of the members of the city council votes in favor of adoption:

"Before any ordinance, measure, regulation, or amendments thereto, authorized by sections 713.07 to 713.11, inclusive, of the Revised Code, may be passed the legislative authority of the municipal corporation shall hold a public hearing thereon, and shall give at least thirty days' notice of the time and place thereof in a newspaper of general circulation in the municipal corporation. * * * No such ordinance, measure, or regulation which violates, differs from, or departs from the plan or report submitted by the commission, board, or officer shall take effect unless passed or approved by not less than three fourths of the membership of the legislative authority. No ordinance, measure, or regulation which is in accordance with the recommendations, plan, or report submitted by the commission, board, or officer shall be deemed to pass or take effect without the concurrence of at least a majority of the members elected to the legislative authority."

R.C. 713.12, unlike the Green zoning ordinance, requires the concurrence of three fourths of the council members only when the council adopts a plan for the zoning of property that is different from or that modifies a plan that was recommended by the city zoning commission. It does not require that three fourths of the members concur to simply reject recommendations of the commission. *Rispo,* 55 Ohio St.3d at 104, 564 N.E.2d at 428. Rather, under the state statute, the council effectively rejects a recommendation of the zoning commission when a majority of its members fails to vote for its adoption.

The state statute and the Green zoning ordinance are in conflict to the extent that they differ as to how many votes are required to reject a zoning commission recommendation. To hold otherwise would lead to the incongruous result that a Green City Council vote could simultaneously be insufficient to adopt or reject a planning and zoning commission recommendation.

Since the requirement that three fourths of the council members vote for rejection of a commission recommendation is invalid because it is in conflict with a state statute, plaintiff was not entitled to judgment as a matter of law on the ground that less than the required three fourths supermajority had voted against the commission recommendation.

494

### B

Plaintiff has argued that Green was not entitled to judgment as a matter of law because three fourths of the council members did not vote to reject the planning and zoning commission recommendation. Green has countered that it was entitled to judgment as a matter of law because a majority of the council did not vote to adopt the commission recommendation. This court has determined that the provision of the Green zoning ordinance that requires concurrence of three fourths of the council members to reject a commission recommendation is invalid because it conflicts with R.C. 713.12. The issue, therefore, becomes whether under R.C. 713.12 and the remaining provisions of the Green zoning ordinance a majority of the council members must vote for a commission recommendation before it is adopted.

R.C. 713.12 provides that a zoning commission recommendation is adopted if "at least a majority" of the council members votes for it. Likewise, Green Codified Ordinances 1260.05(b)(6) provides that a commission recommendation is adopted if a majority of the full council members votes for it. In this case, a majority of the council members did not vote for the adoption of the zoning change. Three council members voted for adoption of the recommendation and three voted against adoption. Since a majority of the council did not vote for adoption, the recommendation was rejected.

Green was entitled to judgment as a matter of law on the ground that less than the required majority had voted to adopt the commission recommendation. Plaintiff's assignment of error is overruled.

### III

Plaintiff's assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

REECE, P.J., and SLABY, J., concur.