DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Plaintiff Delores Karpinski has appealed from a judgment of the Summit County Common Pleas Court that granted defendant The Billow Company ("Billow") summary judgment. She has argued that the trial court incorrectly granted Billow summary judgment because she presented evidence from which "[a] jury could reasonably conclude [that Billow] was negligent." This Court affirms the trial court's judgment because Ms. Karpinski failed to present any evidence that Billow's alleged negligent conduct was the cause of her injuries.
 I.
On May 4, 1995, Ms. Karpinski went to a funeral home owned by Billow to make funeral arrangements for her husband, who had died the previous day. She entered the funeral home, accompanied by her daughter and son-in-law, and was greeted by Fred Rieman, the funeral director. Mr. Rieman attempted to lead them to a basement lounge area where they would discuss funeral arrangements. Ms. Karpinski followed behind Mr. Rieman, her daughter, and her son-in-law. Although she thought the stairs were poorly lit and the carpeting was "spongy," she descended the basement stairs without incident until she reached the last step. From the last step, Ms. Karpinski attempted to walk forward because she thought she was standing on the basement floor. Because she was actually one step above the floor, however, she lost her balance, fell, and sustained injuries.
Ms. Karpinski brought this negligence action against Billow, alleging that her injuries had been caused by Billow's failure to correct the "hazardous condition" created by "the spongy condition of the carpeting and the dim lighting conditions" of the basement stairway. Billow moved for summary judgment, contending that Ms. Karpinski could not prove that it had breached any duty to her or that any alleged breach had caused her injuries. Billow attached supporting evidence, including the deposition testimony of Ms. Karpinski. Ms. Karpinski responded in opposition with her own evidence, but the trial court concluded that she had failed to dispute her own testimony that her fall was not caused by the alleged negligent conduct of Billow. The trial court granted Billow summary judgment. Ms. Karpinski timely appealed to this Court.
 II.
Ms. Karpinski's sole assignment of error is that the trial court incorrectly granted Billow summary judgment. In reviewing a trial court's ruling on a motion for summary judgment, this Court applies the same standard that a trial court is required to apply in the first instance: whether there were any genuine issues of material fact and whether the moving party was entitled to judgment as a matter of law. Parenti v. Goodyear Tire RubberCo. (1990), 66 Ohio App.3d 826, 829.
To establish a claim of negligence against Billow, Ms. Karpinski was required to prove that Billow owed a duty to her, that it breached its duty, and that her injuries "proximately resulted therefrom." Jeffers v. Olexo (1989), 43 Ohio St.3d 140,142. By its motion for summary judgment, Billow asserted, with supporting evidence, that Ms. Karpinski could not establish that it breached a duty to her or that any alleged breach was the proximate cause of her injuries. On appeal, Ms. Karpinski has focused her arguments on whether the evidence demonstrated the elements of duty and breach. Because her failure to present any evidence of causation was dispositive, however, this Court will confine its discussion to that element.
Billow supported its motion for summary judgment with deposition testimony of Ms. Karpinski. Although Ms. Karpinski testified that the carpet on the stairs was "spongy," she admitted that the sponginess of the carpet had not caused her to fall. She further stated that, although the lighting on the stairs seemed dim to her, she had fallen because she saw the other members of her group standing ahead of her and she "thought [she] was on the floor part." Based on this testimony, Billow asserted that Ms. Karpinski had fallen due to her own mistaken belief that she was at floor level, and there was no evidence that the alleged poor lighting or soft carpeting had contributed to the fall.
Ms. Karpinski opposed summary judgment and attached her own affidavit. Her only statements relating to the cause of her fall were the following: "The stairs had a spongy feel and I thought I had reached the floor. I looked up and saw my daughter and Mr. Rieman and I fell forward." This evidence, however, failed to demonstrate that the carpet or lighting of the basement stairway contributed to her fall in any way. Because there was no evidence before the trial court that the alleged negligent conduct of Billow was the cause of Ms. Karpinski's injuries, the trial court correctly granted Billow summary judgment. Ms. Karpinski's assignment of error is overruled.
 III.
Ms. Karpinski's assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _________________________________ CLAIR E. DICKINSON, FOR THE COURT
QUILLIN, P. J.
BAIRD, J., CONCUR