DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Plaintiffs David and Joyce Klosz have appealed from an order of the Lorain County Common Pleas Court that granted summary judgment to defendants USS/Kobe Steel Co. and Henry J. Kaiser and/or ICF Kaiser Engineers Inc. The Kloszs have argued that the trial court incorrectly granted defendants summary judgment when reasonable minds could conclude that defendants actively participated in Mr. Klosz's employer's job operation and that such participation was a "critical act" that proximately caused his injury. This Court affirms the judgment of the trial court because the Kloszs failed to demonstrate that defendants actively participated in either Mr. Klosz's employer's work activities or his work environment.
 I.
At the time of his injury, Mr. Klosz was a third-year apprentice electrician employed by Superior Electric Great Lakes Co./Superior Acquisition Inc. Superior had been retained as a subcontractor by Kaiser to complete electrical work at Kobe Steel's Lorain facility. Kobe Steel had previously contracted with Kaiser to complete the installation of the Number 3 blast furnace reliner at Kobe Steel's plant in Lorain.
On March 16, 1992, Mr. Klosz's foreman, employed by Superior, instructed him to clean the west transformer in the Number 3 blast furnace pump house substation. Another Superior employee handed him a paint brush with a metal band to complete his task. Before Mr. Klosz started that work, his foreman had "locked out" the west transformer to de-energize the area in which Mr. Klosz was to work. According to Mr. Klosz, Kobe Steel, Kaiser, and Superior had earlier decided to leave the east transformer, situated adjacent to the west transformer, energized to allow the east transformer to continue to provide power while the west one was cleaned.
Mr. Klosz finished cleaning the west transformer, then started to clean nearby switch gears. While he was doing that, the metal band on his paint brush came close to an energized line, causing high voltage electricity to "flash over" to that metal band. Mr. Klosz suffered severe flash burns.
On March 16, 1994, Mr. and Mrs. Klosz filed a complaint against Kobe Steel and Kaiser in which they averred that defendants had been negligent. On August 14, 1995, defendants moved for summary judgment. The trial court granted summary judgment on January 28, 1997. The trial court determined that defendants had not actively participated in Superior's job operation and, consequently, owed Mr. Klosz no duty. Mr. and Mrs. Klosz timely appealed to this Court.
 II.
Plaintiffs' sole assignment of error is that the trial court incorrectly granted defendants summary judgment when reasonable minds could conclude that defendants actively participated in Superior's job operation and that such participation was a "critical act" that proximately caused Mr. Klosz's injury. They have argued that defendants actively participated in Superior's job operation by deciding to keep the east transformer energized while Mr. Klosz cleaned the west transformer. That decision, plaintiffs have argued, was the critical act that led to Mr. Klosz's injury.
In reviewing a trial court's ruling on a motion for summary judgment, this Court applies the same standard a trial court is required to apply in the first instance: whether there were any genuine issues of material fact and whether the moving party was entitled to judgment as a matter of law. Parenti v. Goodyear Tire Rubber Co. (1990), 66 Ohio App.3d 826, 829. Mr. Klosz has claimed protection under Ohio's "frequenter" statutes. Pursuant to Section 4101.11:
 Every employer shall furnish employment which is safe for the employees engaged therein, shall furnish a place of employment which shall be safe for the employees therein and for frequenters thereof, shall furnish and use safety devices and safeguards, shall adopt and use methods and processes, follow and obey orders, and prescribe hours of labor reasonably adequate to render such employment and places of employment safe, and shall do every other thing reasonably necessary to protect the life, health, safety and welfare of such employees and frequenters.
The duty owed to frequenters, including employees of other companies, pursuant to Section 4101.11 of the Ohio Revised Code, is no more than a codification of the common law duty owed by an owner or occupier of premises to invitees, requiring that the premises be kept in a reasonably safe condition and that warning be given of dangers of which the owner or occupier has knowledge.Eicher v. United States Steel Corp. (1987), 32 Ohio St.3d 248,249. The duty to frequenters of places of employment, however, does not extend to hazards that are inherently and necessarily present because of the nature of the work performed, when the frequenter is an employee of an independent contractor. Id. at syllabus. In Wellman v. East Ohio Gas Co. (1953), 160 Ohio St. 103, paragraph one of the syllabus, cited with approval in Eicher, the Supreme Court noted that:
 When an independent contractor undertakes to do work for another in the very doing of which there are elements of real or potential danger, and one of such contractor's employees is injured as an incident to the performance of the work, no liability for such injury ordinarily attaches to the one who engaged the services of the independent contractor.
Mr. Klosz testified at deposition that he knew that he was cleaning an area with an energized transformer nearby. Such work constituted an inherently dangerous operation. See Sopkovich v.Ohio Edison Co. (1998), 81 Ohio St.3d 628, 643; Best v. EnergizedSubstation Serv., Inc. (1993), 88 Ohio App.3d 109, 114. Pursuant to the general rule, therefore, plaintiffs would appear to be foreclosed from recovering damages from defendants.
Plaintiffs have argued, however, that they fall within an exception to the general rule. In Hirschbach v. Cincinnati Gas Elec. Co. (1983), 6 Ohio St.3d 206, syllabus, the Ohio Supreme Court held:
 One who engages the services of an independent contractor, and who actually participates in the job operation performed by such contractor and thereby fails to eliminate a hazard which he, in the exercise of ordinary care, could have eliminated, can be held responsible for the injury or death of an employee of the independent contractor.
An owner or occupier actively participated in the job operation of the independent contractor if it "directed the activity which resulted in the injury and/or gave or denied permission for the critical acts that led to the employee's injury, rather than merely exercising a general supervisory role over the project."Bond v. Howard Corp. (1995), 72 Ohio St.3d 332, syllabus.[1]
The Ohio Supreme Court recently expanded that definition to include those situations in which the owner or occupier retains or exercises control over a critical variable in the work environment. Sopkovich, 81 Ohio St.3d at 643 (defining active participation in terms of control of the employee's work activities or the employee's work environment). This Court has concluded, however, that defendants neither actively participated in Superior's work activities nor the work environment in such a way that they could be held liable for Mr. Klosz's injuries.
First, defendants did not actively participate in Superior's work activities. Mr. Klosz was an experienced electrician who had worked in the field for more than a decade. He was in his third year of a five-year apprentice program through the electrician's union. The day of his injury, he was instructed by a foreman employed by Superior to clean the transformer and switch gears. Another Superior employee handed him a paint brush with a metal band around it to clean the equipment. According to one of Mr. Klosz's co-workers, no equipment from Kobe Steel or Kaiser was being used to clean the transformer; Superior provided all the equipment that was used. Furthermore, the manager of electrical services at Kobe Steel testified at deposition that he did not know what Mr. Klosz was doing the day of his injury. Nonetheless, even if he or another representative of Kobe Steel or Kaiser had known the specific activities that Mr. Klosz was instructed to do that day, such knowledge, standing alone, would have been insufficient to constitute active participation in Superior's work activities. See Cafferkey v. Turner Constr. Co. (1986), 21 Ohio St.3d 110,112. Superior was responsible for assigning Mr. Klosz his duties and for overseeing his completion of those duties. The roles of Kobe Steel and Kaiser concerned general supervisory tasks, such as overseeing the technical aspects of the job rather than directing individual employees of the independent contractor. Those roles did not constitute active participation in Superior's work activities such that either Kobe Steel or Kaiser could be held liable for Mr. Klosz's injuries.
In addition, defendants did not retain or exercise control over a critical variable in the work environment such that they actively participated in Superior's job operation. Plaintiffs have pointed to a meeting that apparently took place among Kobe Steel, Kaiser, and Superior, in which all three decided to de-energize only the west transformer while keeping the east transformer energized. Plaintiffs have argued that, "[b]y requiring the east transformer to remain energized while [Mr. Klosz] was working in the immediate vicinity, [defendants] specifically `directed the activity which resulted in the injury' to Mr. Klosz." In light of Sopkovich, plaintiffs' argument goes more to control of the work environment than control of the work activities. In Sopkovich, the plaintiff was an employee of an independent contractor hired to paint an electrical substation, and suffered severe injuries when he entered an area of energized conductors. The Ohio Supreme Court held that the decision to keep certain conductors energized was in the exclusive control of the defendant, supporting a finding of active participation and a corresponding duty. Sopkovich, 81 Ohio St.3d at 643. In this case, the decision to keep the east transformer energized was apparently made so as not to shut down most of the power to the blast furnace area. According to Kobe Steel's manager of electrical services, one transformer could have been de-energized without affecting the operation of the blast furnace; if both were de-energized, 70% of the blast furnace would have been shut down. That decision, however, was not made exclusively by Kobe Steel or Kaiser. There is no evidence in the record demonstrating that either defendant "required" the east transformer to remain energized.
Unlike the defendant in Sopkovich, defendants in this case did not retain or exercise "exclusive" control over the de-activation of the transformers. See Sopkovich,81 Ohio St.3d at 643. Moreover, even assuming defendants did retain or exercise exclusive control over that aspect of the work environment, the fact that the east transformer remained energized was not the "critical variable" that caused Mr. Klosz's injuries. The metal band on the paint brush apparently was the catalyst that caused the flash over. Superior's decision to use that brush, in an area near an energized transformer, was the critical variable that led to Mr. Klosz's injuries. See, e.g., Michaels v. Ford Motor Co.
(1995), 72 Ohio St.3d 475, 479 (plaintiff's injuries were caused by the failure to safeguard a hole through which he fell, which was the general contractor's responsibility, and not the decision to cut the hole in the first place, which was made by the owner of the premises).
Plaintiffs have failed to demonstrate that either Kobe Steel or Kaiser actively participated in either Superior's work activities or the work environment such that Mr. Klosz might claim the protection of the Hirschbach exception. Plaintiffs' assignment of error is overruled.
 III.
Plaintiffs' assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Lorain Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellants.
 Exceptions. _________________________________ CLAIR E. DICKINSON, FOR THE COURT
SLABY, P. J.
BAIRD, J., CONCUR
[1] Hirschbach uses the term "actually participates" to define when an owner or occupier owes a duty to an employee of an independent contractor. Later cases adopted "actively participated" without elaborating on whether the terms are synonymous. Because both appellant and appellee appear to have assumed that the terms are synonymous, this Court will, for purposes of this case, proceed based on that same assumption.