I concur with the majority's opinion, but write separately regarding Ms. Giebner's negligent installation claim. I would reverse the trial court's decision to grant summary judgment on the basis that Summit County failed to meet its Dresher burden regarding this claim. As noted by the majority, summary judgment may only be granted when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Parenti v. Goodyear Tire Rubber Co. (1990), 66 Ohio App.3d 826, 829. "A party's unsupported and self-serving assertions offered to demonstrate issues of fact, standing alone and without corroborating materials contemplated by Civ.R. 56, are simply insufficient [to make a genuine demonstration of facts in dispute]." BankOne v. Burkey (June 14, 2000), Lorain App. No. 99CA007359, unreported, at 10-11 (Slaby, P.J., dissenting in part).
In the instant case, Summit County asserted in its motion for summary judgment that Giebner had failed to establish facts which constituted negligence. Specifically, it provided an affidavit which stated that in 1981, the County installed the valve box in question underground and that "the valve cover was flush with the surrounding ground[.]" However, Summit County failed to establish the proper requirements for installing the water valve box. Without asserting the proper method of installation, Summit County failed to demonstrate an absence of a genuine issue of material fact.
The issue is not whether the valve box is now two and one-half inches above the ground, nor is it whether the valve box was flush with the ground at the time of installation. We determined that the County did not negligently maintain the valve box in assignment of error one. The issue is whether the valve box was negligently installed. Neither party points to any Civ.R. 56 evidence or lack of evidence that would establish the appropriate standard for installation of a valve box. Therefore, the statement that the valve box was flush with the ground, standing alone, is an insufficient basis upon which to grant summary judgment. Thus, on this basis, I concur with the reversal of the trial court's decision to grant summary judgment in favor of Summit County on this claim.