DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} When the Emerson Family Limited Partnership failed to pay its property taxes, the Summit County Fiscal Office sold certificates for the amount owed. The purchaser of the tax certificates later requested that the County foreclose on its liens. After the County moved for summary judgment, the trial court issued a judgment of foreclosure. The Partnership has appealed, arguing that summary judgment was inappropriate because questions of fact exist over the amount of the delinquency. Because an affidavit submitted by the Partnership does not create a genuine issue of material fact about the amount owed, this Court affirms.
 FACTS {¶ 2} Between October 2004 and September 2006, the County sold three tax certificates for delinquent property taxes owed by the Partnership. The lien year on the first was 1991, the *Page 2 
tax delinquency $28,163, and the interest rate 6.25%. The lien year on the second was 2005, the tax delinquency $16,157, and the interest rate 18.00%. The lien year on the third was 2005, the tax delinquency $18,136, and the interest rate 18.00%.
 {¶ 3} The purchaser of the certificates asked the County to foreclose on its liens under Section 5721.37 of the Ohio Revised Code. On January 24, 2007, the County filed a Complaint, seeking to foreclose on the Partnership's property. It alleged that the redemption price, including assessments, penalties, charges, and interest, was $75,777. On October 30, 2007, the County moved for summary judgment, arguing that the redemption price was now $84,251, and that there were additional delinquent taxes now owed in the amount of $20,999.
 {¶ 4} The Partnership opposed the County's motion, arguing that it had not received proper notice. It also argued that a question of fact existed regarding the amount owed. Specifically, it argued that its 1991 taxes had been paid. The County filed a reply, detailing the property's tax history. On March 3, 2008, the trial court issued a judgment of foreclosure, concluding that the amount of the judgment for taxes was $118,694. The Partnership has appealed, assigning two errors.
 SUMMARY JUDGMENT {¶ 5} Because both of the Partnership's assignments of error are arguments that the trial court incorrectly granted the County summary judgment, this Court will consider them together. In reviewing a trial court's ruling on a motion for summary judgment, this Court applies the same standard a trial court is required to apply in the first instance: whether there are any genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law. Parenti v.Goodyear Tire Rubber Co., 66 Ohio App. 3d 826, 829 (1990). *Page 3 
 {¶ 6} The Partnership has argued that the court incorrectly granted the County summary judgment because a genuine issue of material fact exists about the amount of the delinquency. It has noted that it submitted the affidavit of Edward Emerson, who said that "all real estate taxes for tax year 1991 . . . were paid with the proceeds of insurance from a fire which occurred . . . in 2002."
 {¶ 7} One of the certificates that the County issued lists 1991 as the lien year. In response to Mr. Emerson's affidavit, an accountant for the County submitted an affidavit, in which he said that "[t]he reason the 2004 tax lien certificate lists `1991' as the certified delinquent date is because 1991 was the first year the taxes were certified delinquent and the Fiscal Office policy keeps that date as long as any taxes are unpaid in future years. This date has no effect on the taxes assessed, the payments received or the then current payoff balances." He also provided a history of the taxes assessed and paid on the Partnership's property from 1995 through 2006. He explained that, in 2002, the property was foreclosed on because of delinquent taxes. In 2003, however, the foreclosure amount was paid. He also explained that "[t]he current foreclosure is for tax years 2002 through 2005." He listed the taxes assessed in each of those years, the penalties, and the interest that had accrued.
 {¶ 8} The County did not dispute Mr. Emerson's contention that the 1991 property taxes were paid. It established, however, that the $28,163 tax delinquency listed on the certificate with a "[l]ien year" of 1991 was actually the sum of the taxes owed for the second half of 2002 and both halves of 2003, plus penalties and interest. This Court, therefore, concludes that the Partnership failed to establish that a genuine issue of material fact exists as to the amount owed. Its assignments of error are overruled.
 CONCLUSION *Page 4 {¶ 9} Although the County issued a tax certificate stating that the lien year was 1991, there is no genuine issue of material fact that the amount listed as delinquent is for unpaid property taxes from 2002 and 2003. The judgment of the Summit County Common Pleas Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to appellant.
 SLABY, P. J. WHITMORE, J. CONCUR *Page 1