DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Plaintiff-appellant, Bruce Outzen, appeals the order of the Summit County Court of Common Pleas that granted summary judgment in favor of defendant-appellee, Continental General Tire, Inc. We reverse.
Appellant was employed by Continental General Tire ("General Tire") in various computer-related positions from 1968 to 1998. From 1994 to 1998, he held the position of Director of Information Services and reported directly to Senior Vice President of Finance Controlling, John Curry. In October 1997, Mr. Curry informed Appellant that he would be terminated effective June 12, 1998. As of his termination date, Appellant was fifty-one years of age. Chris Simon, who was forty-two years of age, replaced Appellant. Paul Hawkins, also forty-two years of age, assumed a portion of Appellant's responsibilities.
On July 27, 1998, Appellant filed a complaint alleging age discrimination pursuant to R.C. 4112.02(N). General Tire gave notice on January 19, 1999, that a deposition of Appellant would be conducted on February 2, 1998. On February 16, 1999, General Tire moved for summary judgment. Appellant responded in opposition. The trial court granted summary judgment to General Tire on April 21, 1999, concluding: (1) that Appellant did not establish a prima facie case of age discrimination because he was not replaced by someone outside the protected class, and (2) assuming, arguendo, that he had established a prima facie case, that Appellant had not demonstrated that the reasons proffered for his discharge were pretextual. This appeal followed.
ASSIGNMENT OF ERROR I
 The trial court erred in rejecting a prima facie case of age discrimination as revised by O'Connor v. Consolidated Coin Caterers Corp. and granting summary judgment to [General Tire] as to [Appellant's] age discrimination claim under R.C. 4112.02(N).
In his first assignment of error, Appellant has argued that the trial court erred as a matter of law by requiring him to demonstrate that he had been replaced by an individual less than forty years of age in order to state a prima facie case of age discrimination. We agree.
R.C. 4112.02(A)[1] provides:
 It shall be unlawful discriminatory practice * * * for any employer, because of the * * * age * * * of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions or privileges of employment, or any matter directly or indirectly related to employment.
R.C. 4112.02(N) authorizes civil actions to enforce these rights. A plaintiff can establish a prima facie case of age discrimination by producing either direct or indirect evidence of discrimination.Mauzy v. Kelly Services, Inc. (1996), 75 Ohio St.3d 578, 583. The Supreme Court of Ohio has noted that a plaintiff may create an indirect presumption of age discrimination in violation of R.C.4112.14[2] by proving:
 (1) that he was a member of the statutorily-protected class,(2) that he was discharged, (3) that he was qualified for the position, and (4) that he was replaced by, or that his discharge permitted the retention of, a person not belonging to the protected class.
Mauzy v. Kelly Serv., Inc., 75 Ohio St.3d at 582, citing Barker v.Scovill, Inc. (1983), 6 Ohio St.3d 146, 147-48, and McDonnellDouglas Corp. v. Green (1973), 411 U.S. 792, 802, 36 L.Ed.2d 668,677. This analysis is also applicable to claims brought pursuant to R.C. 4112.02. Byrnes v. LCI Communications Holdings Co.
(1996), 77 Ohio St.3d 125, 128, certiorari denied (1997),521 U.S. 1104, 138 L.Ed.2d 989.
In this case, the trial court concluded that Appellant had demonstrated the first three elements of the McDonnell Douglas
test, but that he had failed to establish that he had been replaced by an individual whose age placed him outside the protected class. Appellant has argued that the trial court erred by declining to apply the holding of O'Connor v. Consolidated CoinCaterers Corporation (1996), 517 U.S. 308, 134 L.Ed.2d 433. We agree.
In O'Connor, the plaintiff was fifty-six years old at the time of his discharge. He was replaced by a worker who was forty years old. The United States Court of Appeals for the Fourth Circuit affirmed a judgment of the district court that concluded that the plaintiff had not established a violation of the Age Discrimination in Employment Act (ADEA) because he had not demonstrated that his replacement was outside of the protected class. In so holding, the court expressed the opinion that a plaintiff must be replaced by someone under forty years of age to establish the fourth element of the prima facie case of age discrimination.
The Supreme Court reversed, characterizing the benchmark age of forty as "utterly irrelevant." Id. at ___, 134 L.Ed.2d at 439. The Court noted that the language of the ADEA limits the protected class to individuals forty and over, but concluded:
 As the very name "prima facie case" suggests, there must be at least a logical connection between each element of the prima facie case and the illegal discrimination for which it establishes a "legally mandatory, rebuttable presumption," * * *. The element of replacement by someone under 40 fails this requirement. The discrimination prohibited by the ADEA is discrimination "because of [an] individual's age," * * * though the prohibition is "limited to individuals who are at least 40 years of age[.]" * * * This language does not ban discrimination against employees because they are aged 40 or older; it bans discrimination against employees because of their age, but limits the protected class to those who are 40 or older. The fact that one person in the protected class has lost out to another person in the protected class is thus irrelevant, so long as he has lost out because of his age. * * * Because it lacks probative value, the fact that an ADEA plaintiff was replaced by someone outside the protected class is not a proper element of the * * * prima facie case.
(Citations omitted and emphasis added). Id. at ___,134 L.Ed.2d at 438-39. Accordingly, the Court modified the fourth element of the McDonnell Douglas test, for the purposes of age discrimination cases, to require replacement by an individual substantially younger than the plaintiff:
 In the age-discrimination context, * * * an inference [of an illegal employment decision] can not be drawn from the replacement of one worker with another worker insignificantly younger. Because the ADEA prohibits discrimination on the basis of age and not class membership, the fact that a replacement is substantially younger than the plaintiff is a far more reliable indicator of age discrimination than is the fact that the plaintiff was replaced by someone outside the protected class.
(Emphasis added.) Id. at ___, 134 L.Ed.2d at 439.[3]
The Supreme Court of Ohio has not yet adopted the O'Connor
formulation of the elements of a prima facie case of age discrimination. See, generally, Byrnes v. LCI CommunicationsHolding Co. (1996), 77 Ohio St.3d at 125[4]; Mauzy v. KellyServ., Inc. (1996), 75 Ohio St.3d 578. In Mauzy, however, the Court observed that O'Connor placed the viability of the fourth element in doubt. Mauzy v. Kelly Serv., Inc.,75 Ohio St.3d at 582 fn. 2. This court has also acknowledged the holding ofO'Connor, but has not been confronted with an occasion to apply that holding. See Gordon v. Universal Electronics, Inc.
(Oct. 1, 1997), Summit App. No. 18071, unreported, at 7 fn. 1. This case presents that opportunity.
We are persuaded that the holding in O'Connor should be applied to age discrimination cases brought pursuant to R.C.4112.02(A) and (N). Section 623(a), Title 29, U.S. Code provides:
 It shall be unlawful for an employer * * * to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age[.]
(Emphasis added). Section 631(a), Title 29, U.S. Code limits application of this prohibition to the class of persons age forty and older. Similarly, R.C. 4112.02(A) provides:
 It shall be unlawful discriminatory practice * * * for any employer, because of the * * * age
* * * of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions or privileges of employment, or any matter directly or indirectly related to employment.
(Emphasis added.) R.C. 4112.01(A)(14) limits the class protected by this provision to persons at least forty years of age. See, also, R.C. 4112.14.
The Supreme Court of Ohio has noted that federal case law interpreting Title VII of the Civil Rights Act of 1964, Section 2000(e) et seq., Title 42, U.S. Code, is applicable to cases involving alleged violations of R.C. Chapter 4112. Plumbers Steamfitters Commt. v. Ohio Civil Rights. Comm. (1981), 66 Ohio St.2d 192,196. Similarly, federal case law has been adopted in the analysis of age discrimination claims pursuant to R.C. 4112.02
and R.C. 4112.14. See, generally, Mauzy v. Kelly Serv., Inc.,75 Ohio St. 3d at 582-89. Resort to federal case law is unnecessary to the extent that R.C. 4112.02 provides a full explanation of its terms and is unwarranted when the terms of R.C. 4112.02 diverge from the federal statute. See Genaro v. Central Transport, Inc.
(1999), 84 Ohio St.3d 293, 298-99.
The Ohio and federal prohibitions of age discrimination, however, are substantially similar. We are persuaded by the reasoning of O'Connor that while the protected class under R.C.4112.02(A) is limited to individuals forty years of age and older, there is no reasonable relationship between the absolute age of an individual who assumes a plaintiff's duties with respect to the protected class and the potential for violations of R.C4112.02(A). Unlawful discrimination is no less probable when a plaintiff has been replaced by an individual who is over forty years old, but substantially younger than the plaintiff.
Accordingly, we adopt the standard set forth in O'Connor and conclude that the appropriate inquiry in age discrimination cases arising pursuant to R.C. 4112.02(A) and R.C. 4112.14 is whether the plaintiff was replaced by a "substantially younger" individual. The judgment of the trial court is in error to the extent that it declined to apply this standard. Appellant's first assignment of error is well taken.
ASSIGNMENT OF ERROR II
 The trial court erred in holding, as a matter of law, that eight years was not substantially younger pursuant to O'Connor and granting summary judgment to [General Tire] as to [Appellant's] age discrimination claim under R.C. 4112.02(N).
ASSIGNMENT OF ERROR III
 The trial court erred in holding that there were no genuine issues of fact as to whether the legitimate business reasons given for [Appellant's] termination were pretextual and granting summary judgment to [General Tire] on [Appellant's] age discrimination claim under R.C. 4112.02(N).
Although the trial court did not recognize the applicability of O'Connor's modification of the McDonnell Douglas test to R.C.4112.02(A), the court nonetheless assumed, for the sake of argument, that Appellant had demonstrated a prima facie case of age discrimination. The court then concluded that summary judgment was appropriate because: (1) General Tire rebutted the presumption of unlawful discrimination by setting forth legitimate, nondiscriminatory reasons for Appellant's discharge, and (2) Appellant failed to demonstrate that these reasons were merely pretextual.
In reviewing a trial court's ruling on a motion for summary judgment, this court applies the same standard a trial court is required to apply in the first instance: whether there were any genuine issues of material fact and whether the moving party was entitled to judgment as a matter of law. Parenti v. Goodyear Tire Rubber Co. (1990), 66 Ohio App.3d 826, 829. All facts must be construed in favor of the nonmoving party. Horton v. HarwickChem. Corp. (1995), 73 Ohio St.3d 679, 686-87. On a motion for summary judgment, the moving party "bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." Vahila v. Hall
(1997), 77 Ohio St.3d 421, 429. In doing so, the moving party must point to evidentiary materials contemplated by Civ.R. 56(C).Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293. The nonmoving party then has a reciprocal burden to demonstrate genuine issues of material fact. Vahila v. Hall, 77 Ohio St.3d at 430.
Civ.R. 56(C) provides, in part:
 Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule.
(Emphasis added.) In order to be considered in support of a motion for summary judgment, therefore, evidentiary materials must be "timely filed in the action." Waldeck v. North College Hill
(1985), 24 Ohio App.3d 189, 190. Cf. Civ.R. 32(A) (requiring every deposition to be filed at least one day prior to a hearing unless otherwise permitted by the trial court). In its motion for summary judgment, General Tire extensively referenced the deposition of Appellant. Appellant also referenced this deposition in his response. A review of the trial court's docket indicates that this deposition was not separately filed with the trial court. Although both parties appended excerpts of the deposition to their motions, neither filed a complete version of Mr. Outzen's deposition with the trial court.
Because a complete version of this deposition was not filed in this action, it cannot be considered in support of General Tire's motion. In addition, the absence of significant portions of the deposition would preclude this court from conducting a fullde novo review. See Parenti v. Goodyear Tire Rubber Co.,66 Ohio App. 3d at 829. Although we make no determination with respect to the merits of the trial court's judgment at this time, we must conclude that summary judgment was improperly granted under these circumstances and sustain Appellant's third assignment of error.
Appellant's first and third assignments of error are sustained. The second assignment of error need not be addressed at this time.[5] See App.R. 12(A)(1)(c). The judgment of the trial court is reversed, and this case is remanded to the trial court for proceedings consistent with this opinion.
Judgment reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
LYNN C. SLABY, FOR THE COURT
BAIRD, P.J., BATCHELDER, J., CONCUR.
[1] R.C. 4112.02 was amended by Am.Sub.H.B. 350, effective January 27, 1997. All references to R.C. 4112.02 in this opinion shall be understood to refer to the prior version, in effect as of July 1, 1996. See State ex rel. Ohio Academy of Trial Lawyers v.Sheward (1999), 86 Ohio St.3d 451, paragraph three of the syllabus.
[2] R.C. 4112.14 prohibits an employer from discharging without just cause "any employee aged forty or older" who is otherwise capable of performing the job.
[3] The Court applied the McDonnell Douglas test as modified, but noted that it had never explicitly held that test to be applicable to ADEA claims.
[4] Although the Court restated the McDonnell Douglas
formulation without reference to O'Connor, we note that the plaintiff in Byrnes relied on direct evidence to establish a prima facie case of age discrimination and, therefore, application of the McDonnell Douglas analysis was not at issue in that case.
[5] This court expresses no opinion at this time with respect to the precise contours of the "substantially younger" requirement and takes no position as to the correctness of the trial court's observation that an eight-year age difference would not be substantial.