DECISION AND JOURNAL ENTRY
Appellants Mary and Vito Gironda have appealed from a judgment of the Summit County Common Pleas Court that granted their motion for summary judgment against American Employees Insurance Company and granted summary judgment against them in favor of Commercial Union Insurance Company. This Court affirms.
 I.
On December 14, 1993, Vito Gironda and William Gill were involved in a motor vehicle accident which occurred in Stow, Ohio. At the time of the collision, the tortfeasor, William Gill, was operating a F-150 truck owned by Klaben, Inc. (Klaben). The night before the accident, Gill had dropped-off his own vehicle at Klaben and obtained the F-150 truck as a "service loan," at no charge.[1] As a result of the collision, Vito Gironda suffered severe damages.
At the time of the accident, Klaben carried liability insurance through American Employers Insurance Company (American Employers) and Commercial Union Insurance Company (Commercial Union). The American Employers policy limit was $1,000,000 per occurrence. The Commercial Union policy was an umbrella policy with a limit of $5,000,000 per occurrence. Both insurance companies have denied that coverage was available to Gill.
On August 1, 1995, Appellants filed a personal injury suit in the Summit County Common Pleas Court, naming as defendants Gill, and his insurance carriers Cincinnati Insurance Group and Continental Insurance Company. In their complaint, Appellants sought damages from Gill and underinsurance benefits from his two insurance carriers. Thereafter, Appellants also filed a declaratory judgment action, naming American Employees, Commercial Union, Liberty Mutual Insurance Company, Nationwide Mutual Insurance Company and Gill. The declaratory judgment suit sought an interpretation and determination of Appellants' rights under the two aforementioned policies. Ultimately, the matter was consolidated with the personal injury suit and each insurance company, except American Employees and Commercial Union, were either dismissed or had summary judgment granted against them.[2] Appellants also received a judgment against Gill in the amount of $5,500,000. Gill has since settled and assigned his rights under the American Employers and Commercial Union polices to Appellants.
With regard to Appellants' rights under the respective policies, both insurance companies and Appellants moved for summary judgment. After briefing, the trial court entered summary judgment in favor of Appellants against American Employers, limiting, however, American Employers' liability to $12,500 per person, $25,000 per occurrence. In the same order, the trial court also granted summary judgment in favor of Commercial Union as against Appellants, holding that the F-150 truck was a "rental vehicle," and therefore, not covered by the umbrella policy. Subsequent to the trial court's order, Appellants timely moved for attorneys fees, claiming that the two insurance companies had wrongfully denied coverage. The trial court denied the motion, finding that American Employers and Commercial Union each had a good faith, objectively reasonable belief that Appellants were not entitled to coverage. Appellants have appealed, asserting three assignments of error.
 II. First Assignment of Error The trial court erred as a matter of law when it limited [American Employer's] available coverage to $12,500 per person, $25,000 per occurrence.
 For their first assignment of error, Appellants have challenged the trial court's limitation of American Employers' liability under the policy to $12,500 per person and $25,000 per occurrence, i.e. the statutory limits in Ohio. Essentially, they have argued that while the trial court properly held that Appellants were "insureds" as intended under one portion of the American Employer policy, it incorrectly incorporated the rental agreement between Gill and Klaben, which limited American Employers' liability coverage to the statutory limits. In response, American Employers has argued that the trial court ruled properly when it interpreted another portion of the American Employers policy to provide liability coverage only up to the compulsory limits and noted that the rental agreement served only as notice to Gill.
In reviewing a trial court's ruling on a motion for summary judgment, this Court applies the same standard a trial court is required to apply in the first instance: whether there were any genuine issues of material fact and whether the moving party was entitled to judgment as a matter of law. Parenti v. Goodyear Tire Rubber Co. (1990), 66 Ohio App.3d 826, 829. When the facts are undisputed, as in the instant case, this Court must determine denovo whether the trial court's judgment was appropriate as a matter of law.
"Generally, insurance coverage is determined by looking at the terms and provisions of the insurance contracts, not by the lease agreements between the named insureds. `(T)he intent to incorporate additional papers into an insurance policy must be plainly manifest.'" (Citations omitted) Ayres v. All America Ins.Co. (Dec. 18, 1998), Trumbull App. No. 97-T-0218, unreported, 1998 Ohio App. LEXIS 6155, at *6-7. See, also, State Farm Mut. Auto.Ins. Co. v. Northbrook Ins. Co. (Feb. 5, 1990), Montgomery App. No. 11593, unreported, 1990 Ohio App. LEXIS 327, at *3-4. This Court's review is, therefore, limited to the language of the American Employers policy unless there is expressed a manifest intent to incorporate the rental agreement between Gill and Klaben.
The American Employers policy provides, in pertinent part:
 WHO IS AN INSURED
1. For covered "autos."
a. You are an "insured" for any covered "auto."[3]
 b. Anyone else is an "insured" while using with your permission a covered "auto" except:
 (1) The owner of a covered "auto" you hire or borrow from one of your employees or a member of his or her household.
 (2) Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing or parking or storing "autos" unless the business is your "garage operations."
 c. Your customers, if your business is shown in ITEM ONE of the declarations as an "auto" dealership, but only up to compulsory or financial responsibility law limits where the covered "auto" is principally garaged.
The policy further provides:
A. COVERAGE
 We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance or use of covered "autos."
Appellants have focused their arguments on Section 1.b., as set forth above, and suggested that it makes them "insureds" in this instance. Bearing that proposition in mind, they further argued that Section 1.b., combined with the "COVERAGE" provision, requires American Employers to pay "all sums" up to the policy limit of $1,000,000. Lastly, Appellants have argued that the trial court improperly limited coverage to the statutory limits under the rental agreement.
On the other hand, American Employers has asserted that Section 1.c. controls in this instance and that the trial court did not hold that the language in the rental agreement had been incorporated into the primary policy. Instead, it has argued that the court below relied on the limitations set forth in Section 1.c. and that it merely concluded that the restrictions in the rental agreement served to put Gill on notice of the coverage limitation. In short, American Employers has argued that Gill, as a lessee and customer of Klaben, was an "insured" under Section 1.c. and that as a result, pursuant to that provision, the trial court properly confined American Employers' liability to the statutory limits. This Court agrees.
Appellants and American Employers have conceded that the policy at issue in this case fails to manifest any intent to incorporate the rental agreement. As such, this Court will not consider it. Indeed, this Court's review is limited to the "four corners" of the insurance policy, and after careful review, this Court concludes that (1) Gill was an "insured" as defined in Section 1.c., and (2) American Employers' liability under the policy was properly limited to $12,500 per person, $25,000 per occurrence. Appellants' first assignment of error is overruled.
 Second Assignment of Error The trial court erred as a matter of law when it denied [Appellants'] motion for summary judgment as to [Commercial Union].
 For their second assignment of error, Appellants have argued that the trial court improperly granted summary judgment against them and in favor of Commercial Union. They have argued that the trial court's interpretation of Commercial Union's umbrella policy was erroneous, in that it determined the F-150 truck was a "rental vehicle" and, therefore, not a covered auto under the policy as a matter of law. In support of this position, they have maintained two separate arguments: (1) because Gill was not charged a fee, the "service loan" arrangement between him and Klaben cannot be characterized as a rental agreement; and (2) Gill was an "insured" under the American Employers and Commercial Union policies and, therefore, cannot be excluded under the policy provision pertaining to the exclusion of coverage for leased vehicles when read in conjunction with the "separation of insureds" provision.
In response, Commercial Union has maintained that the arrangement between Gill and Klaben was, as a matter of law and fact, a "rental agreement" as intended under the policy and that the Commercial Union policy language unambiguously excludes coverage for Gill, with whom Appellants now claim privity. In support of these arguments, Commercial Union has cited and primarily relied upon Grand Leasing Cooley (Aug. 29, 1996), Cuyahoga App. No. 69983, unreported, 1996 Ohio App. LEXIS 3656 (treating a service loan arrangement as a rental agreement) andContinental Ins. Co. v. McKain (E.D.Pa. Sept. 25, 1992), No. 92-296, unreported, 1992 U.S. Dist. LEXIS 15962 (holding that identical policy language unambiguously excluded coverage for a loaner vehicle owned by an automobile dealership), affirmed by (C.A.3 1994), 19 F.3d 642.
The Commercial Union policy provides, in pertinent part:
 WHO IS AN INSURED
* * *
 5. With respect to any "auto" you own, hire or borrow while it is being used with your permission:
a. Any person while using such "auto[.]"
The policy further provides, "This insurance does not apply to any "auto" while leased or rented to others." (Emphasis added). Finally, the policy contains a "separation of insureds" clause which states that any rights or duties specifically assigned to Klaben also apply "separately to each `insured' against whom a claim is made or `suit' is brought."
Turning to Appellants' first argument that the "service loan" arrangement cannot be construed to be a rental agreement as stated in the policy, this Court would initially note that agreement between Gill and Klaben was titled "Rental Agreement." Furthermore, it specifically characterized the relationship as one of rental, with Gill renting from Klaben. As the court held inCooley, supra, an arrangement where a customer obtains a vehicle for use while his or her automobile is serviced should be classified as a mutual bailment. Cooley, supra, at *5. Appellants' argument that because Klaben waived Gill's fee, no rental agreement was truly created is without merit. As such, the provision excluding coverage "to others" who rented or leased vehicles from Klaben applies in this instance.
As for Appellants' second argument, it, too, must fail. The manifest intent of the policy language is clear; the provision excludes coverage of any automobile leased or rented by Klaben. While Appellants have claimed that the "separation of insureds" clause necessarily operates to exclude Gill as an "other" under the policy because he is already an insured, this Court concludes that such an interpretation is beyond the plain meaning of the policy. Because this Court is constrained to enforce the plain and unambiguous meaning of the policy, Appellants' argument cannot succeed. See Hybud Equip. Corp. v. Sphere Drake Ins. Co., Ltd. (1992), 64 Ohio St.3d 657, 664-665. Their second assignment of error is overruled.
 Third Assignment of Error The trial court erred as a matter of law in denying [Appellants'] motion for pre-judgment interest.
 For their third assignment of error, Appellants have argued that the trial court erred "as a matter of law" and improperly denied their motion for pre-judgment interest. American Employers and Commercial Union have responded, claiming not only that Appellants have employed the wrong standard of review, but that they have not offered any significant proof demonstrating that the trial court abused its discretion.
R.C. 1343.03(C) provides that a trial court can award prejudgment interest when a party fails to attempt to settle a case in good faith:
 Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties, shall be computed from the date the cause of action accrued to the date on which the money is paid, if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case.
 The Ohio Supreme Court, in Moskovitz v. Mt. Sinai Med. Ctr. (1994), 69 Ohio St.3d 638, 658, held that R.C. 1343.03(C) essentially sets forth four requirements. First, a party seeking interest must petition the trial court. Second, the trial court must hold a hearing on the motion. Third, to award prejudgment interest, the trial court must find that the party required to pay the judgment failed to make a good faith effort to settle. Finally, the trial court must find that the party to whom the judgment is to be paid did not fail to make a good faith effort to settle the case. Id., citing R.C. 1343.03(C). The Moskovitz court further noted that the statute uses the word "shall." Therefore, it continued, "if a party meets the four requirements of the statute, the decision to allow or not allow prejudgment interest is not discretionary." Id. However, such a statement, if taken out of context, is misleading. Recognizing this, the Ohio Supreme Court, in an effort to clarify, observed that a trial court's determination of lack of good faith will always be discretionary. As such, the crux of the statute is the parties' "good faith effort," and, in effect, the ultimate decision whether to award prejudgment interest is reposed in the trial court's discretion. Id.
Accordingly, and as American Employers and Commercial Union have stated, the standard of review on appeal is abuse of discretion. See id. The issue before this Court resolves, therefore, to whether the trial court abused its discretion when concluding that American Employers and Commercial Union had a good faith, objectively reasonable belief that Appellants were not entitled to coverage under the respective policies.
The Ohio Supreme Court has determined that, if a party has a good faith, objectively reasonable belief that it has no liability, that party need not make a monetary settlement offer:
 A party has not "failed to make a good faith effort to settle" under R.C. 1343.03 (C) if he has (1) fully cooperated in discovery proceedings, (2) rationally evaluated his risks and potential liability, (3) not attempted to unnecessarily delay any of the proceedings, and (4) made a good faith monetary settlement offer or responded in good faith to an offer from the other party. If a party has a good faith, objectively reasonable belief that he has no liability, he need not make a monetary settlement offer.
Kalain v. Smith (1986), 25 Ohio St.3d 157, syllabus.
Applying the foregoing to the instant case, this Court concludes that the trial court did not abuse its discretion when denying Appellants' motion for pre-judgment interest. The record in this case reveals that the trial court denied Appellants' motion for pre-judgment interest because it determined that the issues in this case were of sufficient complexity and that the claims of the parties were of such a nature that settlement was not likely. The trial court also noted that the Appellants had not demonstrated that American Employers and Commercial Union failed to cooperate with discovery, that they failed to rationally evaluate the risks and their potential liability or that they attempted to unnecessarily delay the proceedings. Upon review of the record, this Court agrees. As such, the trial court did not abuse its discretion when it denied the motion for pre-judgment interest. Appellants' third assignment of error is overruled.
 III.
Appellants' first, second and third assignments of error are overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
Exceptions.
___________________________ BETH WHITMORE
[1] Gill and Klaben had executed a "Rental Agreement."
[2] This Court would note that American Employers and Commercial Union are the only parties to this appeal who were also named defendants below.
[3] The policy defines "you" as any Named Insured. Klaben is listed as a Named Insured.