DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Golub Mechanical Contractors, Inc. has appealed the Summit County Common Pleas Court's entry of summary judgment in favor of Appellee The University of Akron. This Court affirms.
 I.
On October 16, 1999, Appellee The University of Akron (University) published a "Notice to Bidders" (the Notice), soliciting sealed bids for the construction of its Polymer Engineering Annex Project. The University offered five separate contracts on the project: general; electrical; fire suppression; plumbing; and, heating, ventilation and air conditioning (HVAC). In the Notice, the entire contract base estimate totaled $3,936,091. The Notice also stated that copies of the Plans, Specifications and Bid Forms were available upon request. The Plans and Specifications included the estimated base price for each contract and listed various alternates, i.e. additional work which could or could not be included in the contract at the University's option. These documents placed the estimated cost of the entire project at $4,304,292. Lastly, the Notice stated that "[c]ontract awards [would] be determined from base and accepted alternates only."
After bidding closed, the University opened the submitted bids and selected its alternates. After calculating the respective contractors' bids, the University determined that S.A. Comunale Co., Inc. (Comunale) was the lowest responsive bidder and awarded it the HVAC contract. In the end, the five separate contracts, including the selected alternates, totaled $4,687,515.
On February 29, 2000, Appellant Golub Mechanical Contractors, Inc. (Golub), one of the companies that submitted bids on the HVAC contract, filed a complaint in the Summit County Common Pleas Court, seeking a temporary restraining order, injunctive relief and declaratory relief. Golub essentially sought (1) an order declaring that the University had violated Ohio's public bidding laws by entering contracts exceeding the base estimate by over 10%, and, (2) an order prohibiting the University and Comunale from entering a contract and proceeding with construction. After evidence was submitted, on March 20, 2000, a magistrate denied Golub's request for a temporary restraining order. Two days later, the trial court adopted the magistrate's findings and decision.
Thereafter, the University moved for summary judgment, claiming it had absolutely complied with Ohio's bidding laws. After briefing by the parties, the trial court granted the motion and entered summary judgment in favor of the University. Golub timely appealed, asserting three assignments of error. The first and second assignments of error have been consolidated for ease of discussion.
 II. First Assignment of Error The trial court erred in granting summary judgment in favor of [the University and Comunale] as genuine issues of material fact exist and [they were] not entitled to summary judgment as a matter of law.
 Second Assignment of Error The trial court erred in improperly applying R.C. 153.12 by not finding that the University violated R.C. 153.12 and its own bid documents in accepting aggregate bids which total exceeds 10% of the published estimate.
In its first and second assignments of error, Golub has argued that the entire bidding process for the Polymer Engineering Annex Project was illegal and has requested that this Court hold each of the five contracts void. In its effort, Golub has invoked the Ten-Percent Rule, found in R.C. 153.12, which prohibits the University from awarding contracts totaling in excess of 110% of the "entire estimate" for a whole project. Golub has argued that the University violated this statute and has presented evidence that the entire base estimate published in the Notice was $3,936,091 while the contracts eventually awarded totaled $4,687,515, an increase of 19%. In other words, Golub has claimed the Ten-Percent Rule rendered the five separate contracts void because the total contract amount exceeded the project's base estimate by more than 10%.
The University has responded by arguing that Golub failed to include the estimates for the project's ultimate alternates, which were available for review upon request. It has argued, therefore, that the true "entire estimate" was $4,304,292. Based on this amount, the increase was a mere 8.9%, a difference insufficient to void the bidding process under the Ten-Percent Rule. Like Golub, the University has submitted evidence to support its factual allegations.
 A. Summary Judgment Standard
In reviewing a trial court's ruling on a motion for summary judgment, an appellate court's examination is de novo. Lorain Cty. Bd. of Commrs.v. United States Fire Ins. Co. (1992), 81 Ohio App.3d 263, 267. Stated another way, this Court applies the same standard a trial court is required to apply in the first instance: whether there were any genuine issues of material fact and whether the moving party was entitled to judgment as a matter of law. Parenti v. Goodyear Tire Rubber Co.
(1990), 66 Ohio App.3d 826, 829. A party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280,293-294; Vahila v. Hall (1997), 77 Ohio St.3d 421, 429. Once a party has satisfied this incipient burden, a reciprocal burden arises upon the nonmoving party to respond and set forth specific facts showing that there is a genuine issue of material fact for trial. Dresher,75 Ohio St.3d at 293; Vahila, 77 Ohio St.3d at 429. When the facts are undisputed, as in the instant case, this Court must determine only whether the trial court's judgment was appropriate as a matter of law.
 B. The Ten-Percent Rule
The Ten-Percent Rule may be found in R.C. 153.12(A), which provides:
 * * * No contract to which this section applies shall be entered into if the price of the contract, or, if the project involves multiple contracts where the total price of all contracts for the project, is in excess of ten per cent above the entire estimate thereof, * * *.
Golub would have this Court hold that the "entire estimate" means only the entire project's base estimate published in the notice to bidders, reading language into R.C. 153.12 that simply is not there.[1] This Court declines the invitation and concludes that, for the purposes of applying the Ten-Percent Rule, the "entire estimate" includes the aggregate of the estimates for the base and all alternates ultimately awarded, as a matter of law.
This Court now turns to the undisputed, material facts in the case at bar. Comunale submitted the lowest bid on the base and particular alternates selected for the HVAC contract. The entire estimate for the Polymer Engineering Annex Project, available for review pursuant to R.C.153.07, was $4,304,292. The entire contract price was $4,687,515, an 8.9% increase from the estimate. Therefore, the Ten-Percent Rule is inapplicable. As such, this Court concludes that the trial court properly entered summary judgment in favor of the University.
 III.
Golub's first and second assignments of error are overruled. As a result, its third assignment of error need not be addressed. See App.R.12(A)(1)(c). The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
___________________________ BETH WHITMORE
BATCHELDER, P. J., BAIRD, J., CONCUR.
[1] Golub has also argued that the University was required to either publish the estimates in its notice to bidders or unilaterally provide said estimates to any and all prospective bidders. This Court disagrees. R.C. 153.07 provides, in pertinent part:
 Copies of the plans, details, bills of material, estimates of cost, and specifications shall be open to public inspection at all business hours between the day of the first publication and the day for opening the bids, at the office of the department where the bids are received, and such other place as may be designated in such notice.
(Emphasis added). Based on this language, estimates of cost are to be made available for public inspection during business hours until the bids are opened. Moreover, R.C. 153.06 requires that the entity accepting bids publish the time and place where those bids can be submitted. Indeed, nowhere does either statute require that the notice to bidders include all of the estimates of cost for a proposed project or that the University automatically provide the estimates to a prospective bidder, in the absence of a request for such. The University satisfied these responsibilities.